IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY PARSONS, | | |
| | | |
| Plaintiff, | | **4:25CV3257** |
| vs. | | |
| | | |
| METROPOLITAN LIFE INSURANCE COMPANY, and SHARON PARSONS, | | **FINDINGS AND RECOMMENDATION** |
| | | |
| Defendants. | | |

This matter comes before the court on Plaintiff's Motion to Remand and request for attorney fees. (Filing No. 8). This motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that the Motion to Remand be granted in part and the matter be remanded to the District Court for Washington County, Nebraska, and the request for attorney fees be denied.

## I.      BACKGROUND

Plaintiff initiated this suit in the District Court for Washington County, Nebraska on December 1, 2025. (Filing No. 1-2). According to her complaint, Defendant Metropolitan Life Insurance Company d/b/a Office of Federal Employees' Group Life Insurance ("OFEGLI") refused to pay Plaintiff life insurance proceeds following the death of her husband, Ross Parsons, on September 26, 2024. Plaintiff, the designated beneficiary under the life insurance policy, alleges that OFEGLI wrongly distributed the proceeds to Defendant Sharon Parsons ("Sharon"), Ross's former spouse. (Filing No. 1-2).

1

Plaintiff filed an eight-count complaint asserting claims for breach of contract, breach of fiduciary duty, negligence, tortious interference with contractual relations, unjust enrichment, conversion, constructive trust and declaratory judgment under Nebraska law. (Filing No. 1-2). OFEGLI was served on December 4, 2025. (Filing No. 1, at para. 4). Sharon was served on December 5, 2025. (Filing No. 1-3).

On December 31, 2025, Defendants timely removed the matter to this court, asserting both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.[1] Plaintiff then filed this Motion to Remand, arguing that removal is improper because her complaint raises only state law claims and does not invoke federal law. (Filing No. 8). She also alleges that the removal was done in bad faith and seeks an award of attorney fees associated with filing this motion. Defendants respond that federal question jurisdiction exists because the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701 *et seq.*, ("FEGLIA") preempts Plaintiff's state law claims. According to Defendants, FEGLIA's governance over the disbursement of federal employees' life insurance proceeds transforms this case into a dispute involving a federal question.

## II.    LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the "civil action is one of which the district courts…have original jurisdiction." *Holbein v. TAW Enterprises, Inc.,* 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). Thus, removal is only proper if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). In assessing jurisdiction, the court looks to the circumstances at the time of removal. *Schubert v. Auto Owners Ins. Co*., 649 F.3d 817, 822 (8th Cir. 2011). Where,

---

[1] OFEGLI clarified in its brief in opposition that it mistakenly referred to 28 U.S.C. § 1332 as its basis for removal to federal court, when it intended to only rely on federal question jurisdiction under 28 U.S.C. § 1331. (*See* Filing No. 13, at fn. 1). Plaintiff and Defendant Tracy Parsons are both citizens of Nebraska and therefore the court agrees that diversity jurisdiction does not exist. Accordingly, the analysis will be limited to the parties' arguments regarding federal question jurisdiction under 28 U.S.C. § 1331.

as here, removal is based on federal question jurisdiction, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c).

"A case 'aris[es] under' federal law…if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance v. McVeigh,* 547 U.S. 677, 690 (2006) (internal quotations omitted). This is known as the "well-pleaded complaint" rule. A substantial federal question exists where (1) the state law claim necessarily raises a federal issue that is actually disputed; (2) the federal interest in the issue is substantial; and (3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 313 (2005).

Importantly, the well-pleaded complaint rule limits a defendant's ability to manufacture federal jurisdiction. "Defendants are not permitted to inject a federal question into an otherwise state law claim and thereby transform the action into one arising under federal law." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). Consistent with that rule, the Supreme Court made clear that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392-93 (1987). Ordinary preemption, sometimes otherwise referred to as conflict preemption, is an assertion that a state claim is preempted by federal law and "is a defense to ... [the] state law claim and not a ground for federal jurisdiction." *Evans v. Missouri Pac. R.R. Co., 795 F.2d 57, 58* (8th Cir.1986) (*quoting First Nat'l Bank v. Aberdeen Nat'l Bank,* 627 F.2d 843, 851 (8th Cir.1980)).

At the same time, a plaintiff may not avoid federal jurisdiction "by omitting to plead necessary federal questions" in the complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 22 (1983). In that vein, the Eighth Circuit has

recognized an exception to the well-pleaded complaint rule known as "complete preemption." Under that doctrine, a federal court has original federal question jurisdiction even when a complaint purports to assert only state law claims if "a federal statute 'so completely pre-empts a particular area that any civil complaint raising this select group of claims is necessarily federal.'" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

When complete preemption applies, the federal statute "wholly displace[s]" the state law claims, such that one "which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *King v. United Parcel Service, Inc.,* 152 F.4th 915, 920 (8th Cir. 2025) *(citing Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003))*. In that event, the state law claim "is properly 'recharacterized' as a complaint arising under federal law." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188–89 (8th Cir. 2015) (*citing Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir.1999))*. Complete preemption, however, is rare and "arises under only a limited number of federal statutes…." *Id.* In determining whether a state law claim is completely preempted, a court must ask whether Congress intended a federal statute to provide "the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8. If so, "the cause of action necessarily arises under federal law and the case is removable." *Id.* at 9.

### III.   ANALYSIS

A. <u>Subject Matter Jurisdiction</u>

Defendants argue that removal is proper because the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331(a). Specifically, Defendants assert that Plaintiff's claims are preempted by FEGLIA, which is the policy at the heart of Plaintiff's complaint and governed solely by federal law, and therefore necessarily presents a federal question. Plaintiff argues that her complaint only alleges state law claims and that any reliance on FEGLIA constitutes, at most, a federal defense. The court agrees with Plaintiff and concludes that remand is appropriate.

## 1. Well-Pleaded Complaint Rule

The court first considers whether Plaintiff's complaint presents a federal question on its face. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. In other words, a federal issue must be an essential element of the plaintiff's claim. It is not enough that a federal defense may be raised or that the dispute implicates a federal regulatory scheme. *Id.* The rule preserves the plaintiff's role as "master of the claim" and permits a plaintiff to "avoid federal jurisdiction by exclusive[ly] rel[ying] on state law" when asserting claims for relief. *Minnesota ex rel. Ellison v. American Petroleum Institute*, 63 F.4th 703, 709 (8th Cir. 2023).

Applying those principles here, the court first looks solely to the allegations set forth in the complaint. Plaintiff asserts claims for breach of contract, breach of fiduciary duty, tortious interference, unjust enrichment, and related causes of action arising under Nebraska law. (Filing No. 1-2). Each claim is pleaded as a matter of state common law and seeks relief based on alleged violations of duties created by contract or state law, not by federal statute. Although the dispute arises from OFEGLI's alleged failure to honor a life insurance policy administered pursuant to FEGLIA, the complaint does not invoke FEGLIA, cite any provision of federal law, or assert that Plaintiff's right to relief depends on the construction of a federal statute. Therefore, on its face, the complaint presents no federal question.

## 2. FEGLIA Preemption

Defendants argue that federal jurisdiction nevertheless exists because FEGLIA preempts Plaintiff's claims. This argument requires the court to determine whether FEGLIA gives rise to complete preemption, which would support removal, or ordinary preemption, which would not. Ordinary preemption, sometimes otherwise referred to as conflict preemption, is grounded in the Supremacy Clause and "simply declares the primary of federal law, regardless of the forum of the claim." *Johnson v. MFA Petroleum*

5

*Co.*, 701 F.3d 243, 248 (8th Cir. 2012). Because of this, ordinary preemption "is a defense to ... [the] state law claim and not a ground for federal jurisdiction." *Evans, 795 F.2d at 58* (*quoting First Nat'l Bank*, 627 F.2d at 851). Complete preemption, on the other hand, applies only when federal law "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co.*, 481 U.S. at 63. If state law claims are completely preempted by federal statute, the court then retains federal subject matter jurisdiction and removal is appropriate. *See Franchise Tax Board*, 463 U.S., at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

The Supreme Court has recognized complete preemption in limited circumstances, including claims arising under Section 301 of the Labor Management Relations Act, *Avco Corp. v. Machinists*, 390 U.S. 557, 561-62 (1968) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *Metropolitan Life Ins. Co.,* 481 U.S. at 66-67. FEGLIA, however, does not fall within that narrow category. Its preemption clause provides:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1). While FEGLIA does preempt any state law that is inconsistent with it, it does not *completely* preempt state law within the meaning of *Caterpillar Inc.*, 482 U.S. at 392-93. Courts addressing similar jurisdictional arguments have also treated FEGLIA's preemption clause as one of ordinary, not complete, preemption.[2] Defendants have provided no contradictory authority to that assertion, nor does the court find any.

---

[2] *See, e.g., Miller v. Bruenger,* 949 F.3d 986 (6th Cir. 2020); *Parker v. Metropolitan Life Ins. Co.,* 264 F.Supp.2d 364 (D.S.C. 2003); *Herrick v. Montejano*, 2019 WL 5704930, at *2 (D. Me. Nov. 5, 2019).

The Supreme Court's decision in *Hillman v. Maretta*, 569 U.S. 483 (2013) further supports this conclusion, contrary to Defendants' arguments. In *Hillman*, the Supreme Court addressed a conflict between FEGLIA and a Virginia statute that altered the order of beneficiary payment. In that case, after a federal employee died, his former wife, who was still the named beneficiary on his FEGLI policy, collected his life insurance proceeds. His widow brought an action against the former wife, alleging entitlement to the proceeds under Virginia law. The Virginia statute at issue revoked a "beneficiary designation in any contract that provides a death benefit to the former spouse where there has been a change in the decedent's marital status." *Id.* at 483 (*citing* Va. Code Ann. § 20-111.1(A)). FEGLIA, on the other hand, "permits an employee to name a beneficiary of life insurance proceeds, and specifies an 'order of precedence' providing that an employee's death benefits accrue first to that beneficiary ahead of other potential recipients." *Id.* (*citing* 5 U.S.C. § 8705(a)). The court held that this discrepancy triggered FEGLIA's conflict preemption provision found in 5 U.S.C. § 8709(d)(1), and therefore FEGLIA controlled over the conflicting state law. *Id.* at 494.

Notably, *Hillman* did not involve removal jurisdiction. That case was decided in state court and the federal issue arose as a defense against the state law claim, not as the basis for federal jurisdiction. *Id.* at 490. Therefore, *Hillman* illustrates that while FEGLIA may preempt conflicting state law, those claims can still be adjudicated in state court. Applying that principle here, Defendants argue that Nebraska's anti-lapse statute, which automatically revokes beneficiaries upon divorce, is preempted by FEGLIA and therefore provides a basis for removal. *See* Neb. Rev. Stat. § 30-2333. The court agrees that, to the extent that statute is relevant to Plaintiff's claims and conflicts with FEGLIA's beneficiary precedence, FEGLIA controls. Even so, this type of preemption does not confer federal jurisdiction. Defendants' contention that FEGLIA exclusively governs the distribution of proceeds relevant to Plaintiff's claims is unpersuasive. Even if correct, that argument establishes a federal defense. Under the well-pleaded complaint rule, a federal defense alone cannot create federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392-93. The

possibility that a state court may be required to interpret or apply FEGLIA in resolving Plaintiff's claims does not transform those claims into ones "arising under" federal law. Accordingly, because FEGLIA does not completely preempt Plaintiff's claims, federal jurisdiction is lacking and remand is appropriate.

B.  Attorney Fees

Plaintiff also requests an award of attorney fees under 28 U.S.C. § 1447(c), arguing that removal was improper and made in bad faith. Specifically, Plaintiff asserts that Defendants had no reasonable basis for asserting federal jurisdiction. The court disagrees. Under 28 U.S.C. § 1447(c), attorney fees may be awarded when the removal is "improper" and the removing party lacked an objectively reasonable basis. The inquiry is not merely whether removal was ultimately improper, but whether the defendant acted in good faith and had a reasonable basis for believing the case was properly removed. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether to award attorney fees under § 1447(c) is within the Court's "considerable discretion." *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015).

In this case, while the court concludes that remand is appropriate, it finds no evidence that Defendants acted in bad faith or without a reasonable basis. Defendants' removal rested on their belief that federal question jurisdiction existed due to the potential preemption by FEGLIA. Although the court ultimately rejects this argument, it was not objectively unreasonable. The possibility of FEGLIA preemption, though insufficient to establish jurisdiction, presented a plausible legal theory worthy of consideration. As the Supreme Court stated in *Martin*, 546 U.S. at 141, a defendant's failure to prevail on removal does not, by itself, indicate bad faith or a lack of reasonable basis. The undersigned therefore recommends Plaintiff's request for attorney fees be denied.

For those reasons,

IT IS HEREBY RECOMMENDED to the Honorable John M. Gerrard, United States District Court Judge that:

1. Plaintiff's Motion to Remand be granted in part and that the matter be remanded to the District Court of Washington County, Nebraska. (Filing No. 8)
2. Plaintiff's Request for Attorney Fees in connection with the Motion to Remand be denied.

Dated this 2nd day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

9